UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION MDL No. 1431 (MJD)

This Document also relates to:

Keyser v. Bayer Corporation et al., Case No. 02-440

---

A. Woodson Isom Jr., Isom Law Office, for and on behalf of Plaintiff.

Gene C. Schaerr, Sidley Austin Brown & Wood LLP and Peter Sipkins, Dorsey & Whitney, for and on behalf of Bayer Corporation.

---

This matter is before the Court upon Plaintiff Keyser's motion to remand. Bayer Corporation opposes the motion on the basis that the amount in controversy exceeds $75,000.

Standard

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion to remand, the court must resolve all doubts in favor of a remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1983)(citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3rd Cir. 1987) cert. dismissed 484 U.S. 1021 (1988)).

FILED MAY
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

A. Amount in Controversy

In the prayer for relief, Plaintiff alleges that she suffered from rhabdomyolysis and acute renal failure, and that she suffered other injuries, such as pain and suffering, disability, mental anguish, loss of capacity, expense of hospitalization, medical and nursing care, loss of earnings and loss of ability to earn money. Plaintiff does not provide a specific damage amount in the Complaint. When no amount is specified in the complaint, the party opposing remand must prove the required amount by a preponderance of the evidence. Peterson v. BASF Corporation 12 F. Supp. 2d 964, 971 (D. Minn. 1998); Trimble v. Asarco, Inc. 232 F.3d 946, 959 (8th Cir. 2000).

Given the serious injuries alleged in the Complaint, together with the claims concerning loss of income and the ability to earn income in the future, the Court finds that Bayer has met its burden of showing that Plaintiff may be entitled to damages exceeding the amount in controversy. Although Plaintiff filed a notice that she is claiming less than $75,000 in damages, such notice would not preclude Plaintiff from recovering damages in excess of $75,000.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Remand is DENIED.

Date: May 10, 2002

Michael J. Davis
United States District Court